**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICHELLE VASQUEZ, MELISSA SIMS,  )
and ALICIA THOMPSON,  )
on behalf of themselves individually and  )
all other similarly situated employees,  )
 )
     Plaintiffs,  )
 )
vs.  )     Case No.
 )
RECOVER-CARE HEALTHCARE, LLC,  )
Serve: Person Having Charge  )
     6416 Long Avenue  )
     Shawnee, Kansas 66216  )
 )
RECOVER-CARE SHAWNEE, LLC  )
Serve: Resident Agent  )
     Platinum Filings LLC  )
     112 SW 7th St., Suite 3C  )
     Topeka, KS 66603  )
 )
and  )
 )
RECOVER-CARE  )
PINNACLE PARK, LLC,  )
Serve: Resident Agent  )
     Platinum Filings LLC  )
     112 SW 7th St., Suite 3C  )
     Topeka, KS 66603  )
 )
     Defendants.  )

## <u>COMPLAINT</u>

Plaintiffs Michelle Vasquez, Melissa Sims, and Alicia Thompson ("Named Plaintiffs"),

individually and on behalf of other similarly situated individuals, for their Complaint against

Defendants Recover-Care Healthcare, LLC ("RCH"), Recover-Care Shawnee, LLC ("Shawnee

Gardens"), and Recover-Care Pinnacle Park, LLC ("Pinnacle Park"), state as follows:

1

**INTRODUCTION**

1.  RCH owns and operates approximately twenty-three skilled nursing facilities across Kansas under the name "Recover-Care Heartland."

2.  This class action lawsuit seeks to recover unpaid wages that RCH owes its hourly employees in several respects.

3.  First, in paying its hourly employees across Kansas, RCH violates the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"), because it utilizes a rounding policy that, in the aggregate, undercounts its hourly employees' worked time, and further, because it automatically deducts a 30-minute meal period from those same employees' pay when no such break has been taken or provided.

4.  Second, as part of the employment contract that RCH has with its hourly employees, RCH promises to pay those employees a variety of non-discretionary bonuses for completing various tasks, such as picking up additional shifts or working a particular number of shifts within a workweek or successive workweeks.

5.  In the vast majority of instances, RCH inexplicably fails to pay its hourly employees these agreed-upon, non-discretionary bonuses. RCH's conduct in this regard constitutes a violation of the KWPA and a breach of the employment contract that it has with its hourly employees.

6.  Third, on instances where RCH happens to pay the non-discretionary bonus and/or shift differential pay to an hourly employee, RCH is also in violation of the FLSA because it does not include the amount of that non-discretionary bonus or shift differential pay in the formula that it uses to calculate an employee's overtime rate for a particular workweek.

7. Plaintiff Vasquez was employed at Recover-Care Heartland's facility in Shawnee, Kansas, which is known as "Shawnee Gardens Healthcare & Rehab Center." Plaintiff Sims is currently employed at Shawnee Gardens. Plaintiff Thompson was employed at Recover-Care Heartland's facility in Salina, Kansas, known as "Pinnacle Park Nursing & Rehab Center".

8. They bring this collective and class action individually and on behalf of other similarly situated employees at Recover-Care Heartland's facilities across Kansas to recover the wages that Recover-Care has failed to pay them.

9. Additionally, Plaintiff Michelle Vasquez brings an individual claim in connection with Recover-Care Heartland's termination of her employment on or around February 28, 2024, which she claims was in violation of the FLSA's anti-retaliation protections.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff Michelle Vasquez ("Michelle") is an individual residing in Kansas City, Kansas. She worked as a Certified Nursing Assistant with Recover-Care Heartland's facility in Shawnee, Kansas, from approximately March 21, 2018, to February 28, 2024.

11. Plaintiff Melissa Sims ("Melissa") is an individual residing in Kansas City, Missouri. She has worked as a Certified Nursing Assistant with Recover-Care Heartland's facility in Shawnee, Kansas, since approximately March 28, 2022.

12. Plaintiff Alicia Thompson ("Alicia") is an individual residing in Salina, Kansas. She worked as a Certified Nursing Assistant and Transportation Driver with Recover-Care Heartland's facility in Salina, Kansas, from approximately June 8, 2019, to May 19, 2022.

13. Defendant RCH is a Delaware limited liability company that, through a system of other limited liability companies, owns and operates at least twenty-three skilled nursing facilities in Kansas under the name "Recover-Care Heartland."

14. Recover-Care Heartland holds itself out as doing business in Kansas, and Recover-Care Heartland, in fact, does do business in Kansas. Recover-Care Heartland's management-level employees largely live and work in Kansas.

15. Recover-Care Heartland has a principal place of business located at 6416 Long Avenue, Shawnee, Kansas, 66216, and its website lists locations across Kansas in the following cities: Baldwin, Beloit, Emporia, Gardner, Garnett, Louisburg, Marysville, Minneapolis, Osborne, Oskaloosa, Richmond, Rossville, Salina, Shawnee, Topeka, Wathena, and Wichita.

16. RCH operates its facility in Shawnee, Kansas, known as Shawnee Gardens Healthcare & Rehab Center, through Defendant Recover-Care Shawnee, LLC ("Shawnee Gardens"), which is a Delaware limited liability company with its principal place of business located at 6416 Long Avenue, Shawnee, Kansas.

17. RCH operates its facility in Salina, Kansas, known as Pinnacle Park Nursing & Rehab, through Defendant Recover-Care Pinnacle Park LLC ("Pinnacle Park"), which is a Kansas limited liability company with its principal place of business 2936 Georgia Avenue, Salina, Kansas.

18. Collectively, Shawnee Gardens and Pinnacle Park are referred to herein as the "Facilities."

19. At all times relevant hereto, as it relates to the Facilities' various employees—as well as the employees of the various other facilities doing business under the Recover-Care Heartland banner—RCH acts directly and/or indirectly in the Facilities' interest.

20. On information and belief, RCH directs and controls the Facilities' payroll and human resource functions and establishes policies and procedures for the Facilities and for all of its other facilities not specifically included herein.

21.    RCH may be served, pursuant to K.S.A. 60-304(e)(2), through the person having charge at its business office at 6416 Long Avenue, Shawnee, Kansas 66216.

22.    Shawnee Gardens and Pinnacle Park may be served through its Registered Agent, Platinum Filings LLC, at 112 SW 7th St., Suite 3C, Topeka, KS 66603.

23.    Plaintiffs' collective claim is brought pursuant to the FLSA (29 U.S.C. § 201, *et seq.*), and its implementing regulations, such as those at 29 C.F.R. § 778.211.

24.    Plaintiffs' class claims are brought pursuant to the Kansas Wage Payment Act (K.S.A. 44-313 *et seq.*) and Kansas common law.

25.    The Court has jurisdiction over Plaintiffs' collective claim and Plaintiff Michelle Vasquez's individual claim under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

26.    The Court has supplemental jurisdiction over Plaintiffs' class claims under the Kansas Wage Payment Act and Kansas common law pursuant to 28 U.S.C. § 1367.

27.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims herein occurred in the District of Kansas.

## FACTUAL BACKGROUND

### *Rounding*

28.    Each of Recover-Care Heartland's hourly, non-exempt employees, including the Named Plaintiffs, has or had a scheduled time to start his or her workday.

29.    Recover-Care Heartland and the Facilities utilized computerized systems that hourly employees use, which would track the exact time, up to the minute, an hourly employee clocks in and clocks out of work.

30.    Despite tracking the exact time an hourly employee clocks in and clocks out, Recover-Care Heartland rounds each clock-in or clock-out time to the nearest 15th minute.

31.     Recover-Care Heartland permitted hourly, non-exempt employees to clock in and begin working before their shifts were scheduled to start.

32.     Michelle, for example, was typically scheduled to start her workday at 7:00 a.m.

33.     Due to her position as a Certified Nursing Assistant, Michelle's shifts often overlapped with other Certified Nursing Assistants, as they were tasked with ensuring the residents of the Facilities had continuous care.

34.     Due to the overlap of shifts, Michelle would frequently clock in early for her shift and begin working, and she observed her fellow hourly, non-exempt employees do the same.

35.     Michelle was often required to clock out late for her shift, and she observed her fellow hourly, non-exempt employees do the same.

36.     In the event Michelle clocked in early, Recover-Care Heartland would round up Michelle's time to make it look like she started working precisely at 7:00 a.m.

37.     For example, if Michelle clocked in for work at 6:53 a.m., Recover-Care Heartland rounded up her start time to 7:00 a.m. and did not pay her for the 7 minutes between 6:53 a.m. and 7:00 a.m.

38.     At the end of the shift, however, Recover-Care Heartland did not round up Michelle's time, and instead, rounded her time <u>down</u>.

39.     For example, if she clocked out at 7:07 p.m., Defendant would round her time down to make it look like she had stopped working at 7:00 p.m. and stop paying her at 7:00 p.m.

40.     The same was and is true for Recover-Care Heartland's other hourly, non-exempt, current or former employees, including the Named Plaintiffs, each of whom typically clocked in early and clocked out late, and each of whom observed their fellow co-workers doing the same.

41.     Despite being allowed to clock-in early and clock-out late, Recover-Care Heartland had a policy or practice of discouraging or disciplining employees from clocking in more than 7 minutes early or clocking out more than 7 minutes late.

42.     Recover-Care Heartland's rounding policy and other timekeeping policies, over a period of time, has resulted in a failure to compensate Recover-Care Heartland's hourly, non-exempt employees properly for all the time they have actually worked.

43.     Despite tracking the exact minute that it's non-exempt hourly employees clock-in, RCH has instituted a rounding policy that intentionally avoids paying these employees for all of their time worked.

44.     RCH's rounding policy has resulted in a failure to pay Named Plaintiffs and all similarly situated employees in accordance with the FLSA and the KWPA.

***Meal Period***

45.     Additionally, Recover-Care Heartland's payroll system automatically deducts a thirty-minute meal period from each of its hourly, non-exempt employees' time each day, even if the employees at issue did not take a break of that duration.

46.     For example, if Michelle was working and she did not take a lunch, her timecard and paycheck would nonetheless reflect a thirty (30) minute deduction as if she had actually taken the lunch break. The same was true if Michelle worked through her lunch break or if she took a lunch break shorter than 30 minutes.

47.     The same was and is true for Recover-Care Heartland's other hourly, non-exempt, current or former employees, including the Named Plaintiffs, all of whom had thirty (30) minutes deducted from their time each day even when they did not take a bona fide meal period.

48.     Michelle, Mellissa, and Alicia during almost every shift, either were unable to take any lunch break or any lunch break that they did take was interrupted.

49.     The Named Plaintiffs witnessed that RCH's other hourly, non-exempt employees were similarly either unable to take a lunch break or had lunch breaks that were interrupted.

50.     RCH's meal period policy—which automatically deducts a full thirty (30) minutes from an hourly employees' pay—has resulted in a failure to pay Plaintiffs and all other similarly situated employees in accordance with the FLSA and the KWPA.

*Bonus Policies*

51.     In addition to paying its employees their normal, hourly rate of pay, Recover-Care Heartland had a policy to pay non-discretionary bonuses to its hourly employees for completing certain, pre-announced tasks.

52.     For example, if Michelle worked an additional 4-hour shift, Defendant paid her a bonus of $50. If she worked an additional 8-hour shift, she earned a bonus of $100. And if she worked an additional 12-hour shift, she earned a $150 bonus. This bonus will be referred to as the "Additional Shift Bonus."

53.     Additionally, in the event Michelle worked an additional 12-hour shift during each week of a two week pay period, Michelle would receive an additional $3/hour for each of the hours she had worked for that pay week during the pay period. This bonus will be referred to as the "$3/Hour Bonus."

54.     Michelle also earned "Shift Differential Pay", for hours worked on evenings, an additional $0.50/hour, and weekends, an additional $3.00/hour.

55.     These bonuses were non-discretionary in that, if Michelle completed one of the tasks necessary to receive the bonus, she would be entitled to receive the bonus.

56.     All that was necessary, in other words, was for Michelle to be approved to work the extra shifts necessary to qualify for each of these bonuses and fulfill any other criteria that Recover-Care Heartland established for receipt of the bonuses. If she did those things, she would be entitled to receive the bonuses without the input or approval of any managerial personnel.

57.     The same was and is true for Recover-Care Heartland's other hourly, non-exempt current or former employees.

58.     Recover-Care Heartland had a policy or practice of failing to pay bonuses, despite their employees being entitled to them.

59.     For example, Alicia was tasked with being on call 24/7 in her role as a Transportation Driver and was told that she would be paid a $50 bonus, in addition to her hourly rate, for any calls that she had to respond to after a certain hour.

60.     Despite being entitled to these bonuses after being called into work, Recover-Care Heartland often failed to pay these bonuses to Michelle, Melissa, Alicia and their similarly situated hourly colleagues.

61.     In failing to pay these bonuses, Recover-Care Heartland has violated the Kansas Wage Payment Act, and the Kansas common law.

### RCH's Calculation of Overtime Premium Pay

62.     Further, when an employer pays an hourly employee a non-discretionary bonus or a shift differential pay under the FLSA, the employer is required to include the amount of that non-discretionary bonus and shift differential pay in the employee's base rate of pay, which is in turn used to calculate an employee's overtime rate of pay in the event that employee qualifies for overtime during a workweek.

63.     Recover-Care Heartland does not include the amount of the non-discretionary bonuses and shift differential pay in its employees' base rates of pay, and therefore, miscalculates the overtime rate of pay for qualifying employees who have received non-discretionary bonuses and shift differential pay. As a result, it underpays these employees, including the Named Plaintiffs, overtime pay that they are entitled to.

64.     For example, Michelle was scheduled to work three 12-hour shifts per week and was paid every other week.

65.     In addition to this, Michelle would often pick up an additional 12-hour shift per week, which would entitle her to be paid two types of non-discretionary bonuses: (1) two Additional Shift Bonuses of $150, totaling $300, for picking up two additional 12-hour shifts; and (2) a $3/hour bonus, totaling $288 for the 96 hours that she worked during the pay period.

66.     For the pay period beginning December 3, 2023, and ending December 16, 2023, Michelle worked an extra 12-hour shift, in addition to her three regular 12-hour shifts, for both weeks of the pay period, as well as a few other hours. Despite working a total of 98 hours, Michelle was only paid for 94 hours, as RCH deducted 4 hours, due to its meal period policy.

67.     Michelle earned $681.66 in total non-discretionary bonuses and other pay during that pay period, for: (1) two $150 Additional Shift Bonuses, totaling $300; (2) a $294 $3/hour bonus for working 98 hours during the pay period; (3) $17.16 in Evening Shift Differential Pay; and (4) $70.50 in Weekend Shift Differential Pay.

68.     Michelle, who had an hourly pay rate of $20.97, earned $1,578.01 for working 75.25 hours of "regular" or non-overtime hours. She also earned $589.78 in overtime pay, as she worked 18.75 hours of overtime hours at a rate calculated by RCH of $31.46/hour, or one and half times her hourly pay rate.

69.     RCH failed to include these non-discretionary bonuses and other pay when calculating Michelle's regular rate of pay for purposes of overtime, which should be at least $27.93.

70.     Michelle's overtime rate would then be at least $41.90, and therefore, she was entitled to receive $785.63 in overtime compensation,

71.     For this pay period, RCH paid Michelle $198.85 less than what she was entitled to receive under the FLSA.

72.     RCH has also failed to calculate the regular rate of pay of its other hourly, non-exempt current or former employees for purposes of overtime compensation and has failed to compensate these employees in accordance with the FLSA.

### The Collective and Class

73.     Plaintiffs bring Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and seek relief, individually and on a collective basis, from Defendant's: (a) illegal rounding policies that require work with no pay; (b) unlawful practice of automatically deducting a 30-minute meal period from its employees' worked time each day without regard to whether the employee took such a meal period; and finally, (c) improper method of calculating the overtime rate of pay during workweeks in which an employee received a non-discretionary bonus or shift differential pay.

74.     The class for Count I is defined as:

> All persons working as hourly, non-exempt employees for Recover-Care Heartland from May 1, 2021, through the present.

75.     Plaintiffs bring their state law claims in Count II (violation of the KWPA) and Count III (breach of contract), as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), seeking relief on their own behalf and as the class representatives on behalf of the following:

All persons working as hourly, non-exempt employees for Recover-Care Heartland from May 1, 2021, through the present.

76. Plaintiffs bring Count IV (unjust enrichment/quantum meruit), in the alternative to Counts I-III, as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), seeking relief on their own behalf and as the class representatives on behalf of the following:

All persons working as hourly, non-exempt employees for Recover-Care Heartland from May 1, 2021, through the present.

77. The collective and class at issue is believed to number in the hundreds of persons, and as a result, joinder of all class members in a single action is impracticable. Additionally, class members may be informed of the pendency of this class action through direct mail.

78. There are questions of fact and law common to the class that, under federal law, predominate over any questions affecting only individual members, including but not limited to, the following:

    a. Whether Recover-Care Heartland violated federal or Kansas law when it failed to pay its hourly, non-exempt employees for all of the hours they worked;

    b. Whether Recover-Care Heartland had a policy and practice of failing to compensate its hourly, non-exempt employees for all of the hours they worked;

    c. Whether Recover-Care Heartland violated federal law or Kansas law by rounding up its employees' time at the start of a workday and then not similarly rounding up its employees' time to the next increment at the end of a workday;

    d. Whether Recover-Care Heartland violated federal law or Kansas law by automatically deducting a thirty-minute meal period from its employees' time each workday regardless of whether the employee took such a break;

    e. Whether Recover-Care Heartland failed to pay its hourly, non-exempt employees at an effective wage rate of at least the applicable minimum wage for all hours worked;

    f. Whether Recover-Care Heartland failed to pay its hourly, non-exempt employees an overtime premium on wages and bonuses for work performed in excess of 40 hours in a workweek;

g. Whether Recover-Care Heartland had a policy or practice of promising or otherwise inducing its hourly, non-exempt employees with bonuses that Recover-Care Heartland failed to or had no intention of paying;

h. Whether Recover-Care Heartland breached its contracts with its hourly, non-exempt employees by not paying said employees per the terms of its contracts with the employees; and

i. Whether Recover-Care Heartland retained a benefit from such unlawful compensation policies and practices.

79. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

80. The Named Plaintiffs' claims under federal and state law are typical of those of the class in that the class members have been employed in the same or similar positions as the Named Plaintiffs and were subject to the same or similar unlawful practices as the Named Plaintiffs.

81. A collective/class action is the appropriate method for the fair and efficient adjudication of this controversy. Recover-Care Heartland has acted on grounds generally applicable to the collective/class, and the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of the members to protect their interests.

82. The Named Plaintiffs are adequate representatives of the collective because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Named Plaintiffs and undersigned counsel. Counsel are experienced

in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

83.     Maintenance of this action as a collective action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the collective who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of the collective's members.

**COUNT I – VIOLATION OF THE FLSA**
**(BROUGHT AGAINST DEFENDANTS BY PLAINTIFFS, INDIVIDUALLY,**
**AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

84.     Named Plaintiffs Michelle Vasquez, Melissa Sims, and Alicia Thompson incorporate the allegations set forth above as if fully set forth herein.

85.     At all times material herein, the Named Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

86.     The FLSA regulates, among other things, the payment of wages and overtime pay, by employers engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

87.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because their enterprise is engaged in interstate commerce and their employees are engaged in such commerce.

88.     Defendants have violated the FLSA by failing to properly compensate their hourly, non-exempt employees for all of their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

89.     The Named Plaintiffs and all other similarly situated employees—which the Named Plaintiffs consider to be all persons working as hourly, non-exempt employees for Defendants from May 1, 2021, through the present—are victims of a common compensation policy.

90.     The Named Plaintiffs and all other similarly situated employees are entitled to damages equal to the amount of uncompensated time that they worked for Recover-Care Heartland, as well as the mandated minimum wage and overtime premium pay, within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Recover-Care Heartland has acted willfully and knew or showed reckless disregard in its violation of the FLSA's requirements.

91.     Recover-Care Heartland has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. As a result, the Named Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith in failing to pay their employees minimum wage and overtime compensation, the Named Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

92.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from the Named Plaintiffs and all similarly situated employees.

93.     Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorney's fees, expenses, and costs of this action.

WHEREFORE, for Plaintiffs' collective claims set forth in Count I, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendants and request that this Court:

(a)     issue notice to all similarly situated employees (current or former) of Recover-Care Heartland informing them of their right to file consents to join the FLSA portion of this action;

(c)     declare Defendants' rounding policies, automatic meal period deduction policies, and improper overtime payroll policies illegal under the FLSA;

(d)     award Plaintiffs and all other similarly situated employees their lost wages, minimum wages, overtime wages, and liquidated damages under 29 U.S.C. § 216(b);

(e)     award Plaintiffs and all other similarly situated employees pre-judgment and post-judgment interest as provided by law;

(f)     award Plaintiffs and all other similarly situated employees attorneys' fees, expenses, and costs, as allowed by Section 216(b) of the FLSA; and

(g)     award Plaintiffs and all other similarly situated employees such other relief as the Court deems just and proper in the circumstances.

### COUNT II – VIOLATION OF THE KANSAS WAGE PAYMENT ACT
### (BROUGHT AGAINST DEFENDANTS BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

94.     Named Plaintiffs Michelle Vasquez, Melissa Sims, and Alicia Thompson incorporate the allegations set forth above as if fully set forth herein.

95.     Defendants Recover-Care Healthcare, LLC, Recover-Care Shawnee, LLC, and Recover-Care Pinnacle Park, LLC are "employers" as defined in K.S.A. 44-313.

96.     The Kansas Wage Payment Act (the "KWPA") mandates that all employers shall pay all wages due to their employees.

97.     The KWPA defines wages as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission, or other basis." K.S.A. 44-313(c).

98.     The KWPA further defines "other basis" as "all agreed compensation for services for which the conditions required for entitlement, eligibility, accrual, or earning have been met by the employee." K.A.R. 49-20-1(d).

99.     Defendants compensated Plaintiffs and all other similarly situated employees on a "time" basis and through the payment (or promised payment) of certain agreed upon, non-discretionary bonuses.

100.    Despite agreeing to pay the Plaintiffs on a time basis, Defendants have failed to properly count all of the time that the employees worked.

101.    As noted above, though Defendants count all of the minutes that its hourly employees work, Defendants do not pay the employees for all of those minutes of work.

102.    Additionally, as noted above, Defendant automatically takes away thirty (30) minutes per day of time from its hourly employees for a meal period or lunch break, even though on the vast majority of instances, the hourly employee does not receive a full thirty-minute break and instead is working during some or all of that time.

103. Finally, and as described above, Defendants have brazenly failed to pay non-discretionary bonuses to its non-exempt, hourly employees that Defendants had promised to those employees.

104. The Named Plaintiffs, and all those similarly situated—which the Named Plaintiffs consider to be all persons working as hourly, non-exempt employees for Defendants from May 1, 2021, through the present—agreed to work these shifts based on this compensation plan, that they would be paid their regular hourly rate, plus a bonus.

105. The Named Plaintiffs, and all those similarly situated, worked these additional shifts, and therefore completed all conditions required to be entitled to these bonuses, as a wage under the KWPA.

106. Defendants have willfully paid to pay these wages, and are there for liable to the Named Plaintiffs, and all those similarly situated, for their wages due, and any penalties under the KWPA.

## COUNT III – BREACH OF CONTRACT
## (BROUGHT AGAINST DEFENDANTS BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED)

107. Named Plaintiffs Michelle Vasquez, Melissa Sims and Alicia Thompson incorporate the allegations set forth above as if fully set forth herein.

108. Defendants had a policy or practice of entering into employment contracts with Plaintiffs and its other hourly, non-exempt employees that paid them an hourly wage (to be calculated by the hour) and various non-discretionary bonuses.

109. Plaintiffs and other hourly, non-exempt employees of Defendants fully performed their obligations under these contracts.

110.     However, Defendants had a policy or practice that failed to pay the Plaintiffs for all of their hours worked and that failed to pay the Plaintiffs non-discretionary bonuses due.

111.     Defendants are in breach of their employment contract with the Plaintiffs, and Plaintiffs have been damaged as a result of Defendants' breach of contract in an amount to be proven at trial.

WHEREFORE, for Plaintiffs' class claims set forth in Counts II–III, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendants and request that this Court:

(a)     certify the state law class set forth in Count II–III as a class action pursuant to Fed. R. Civ. P. 23;

(b)     declare Defendants' rounding policies, automatic lunch deduction, overtime calculation, and other improper policies illegal under the FLSA and the KWPA;

(c)     award Plaintiffs and all other similarly situated employees damages, including their lost wages, liquidated damages, and penalties under K.S.A. 44-315;

(d)     award Plaintiffs and all other similarly situated employees pre-judgment and post-judgment interest as provided by law;

(e)     award Plaintiffs and all other similarly situated employees such other relief the Court deems just and proper in the circumstances.

### COUNT IV – UNJUST ENRICHMENT/QUANTUM MERUIT
**(BROUGHT AGAINST DEFENDANTS BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

112.     Named Plaintiffs Michelle Vasquez, Melissa Sims, and Alicia Thompson incorporate the allegations set forth above as if fully set forth herein.

113.     Plaintiffs bring this claim in the alternative to Counts I, II, and III.

114.	Defendants have been and continue to be enriched at the expense of Plaintiffs and other similar situated employees by making deficient payments for work performed by Plaintiffs and other similarly situated employees, causing them to not be properly compensated for their work.

115.	Plaintiffs and other similarly situated employees conferred benefits in the form of hours worked on Defendants, who knew of and retained the benefits in the form of the financial success of Defendants.

116.	Plaintiffs and other similarly situated employees provided these services based on the expectation that they would be compensated fairly and lawfully.

117.	Defendants failed to compensate Plaintiffs and other similarly situated employees for their work performed in a fair or lawful way.

118.	Due to their failure to pay Plaintiffs and other similarly situated employees fairly or lawfully, Defendants have unjustly retained pay and bonuses.

WHEREFORE, for Plaintiffs' class claim set forth in Counts IV, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendants and request that this Court:

(a)	certify the state law class set forth in Count IV as a class action pursuant to Fed. R. Civ. P. 23;

(b)	declare Defendants' rounding policies, automatic lunch deduction, overtime calculation, and other improper policies illegal under the FLSA and the KWPA;

(c)	award Plaintiffs and all other similarly situated employees restitution in an amount to be proven at trial, as well as any other relief the Court deems just and proper in the circumstances.

## COUNT V – FLSA RETALIATION
## (PLAINTIFF MICHELLE VASQUEZ'S INDIVIDUAL CLAIM)

119.     Plaintiff Michelle Vasquez incorporates the allegations set forth in paragraphs above as if fully set forth herein.

120.     Defendants Recover-Care Healthcare, LLC and Recover-Care Shawnee, LLC are "employers" as the term is defined in 29 U.S.C. § 203(d).

121.     Defendants Recover-Care Healthcare, LLC and Recover-Care Shawnee, LLC were "joint employers" of Plaintiff Michelle Vasquez.

122.     Michelle worked for Defendants as a Certified Nursing Assistant beginning in March of 2018.

123.     In approximately June 2023, Michelle approached the facility administrator, Melanie L/N/U, and informed her that the Defendants had failed to properly calculate her overtime rate of pay, as the bonuses had been excluded in her regular rate of pay for calculating overtime pay.

124.     Melanie placated Michelle, telling her that she would look into it.

125.     As the months went by, Michelle continued to inquire about her bonus/overtime pay, as she would ask employees in human resources and Melanie, but Michelle received no response.

126.     In November 2023, Lindsey L/N/U reached out to Michelle, and erroneously assured her that her checks "were right."

127.     Despite her assertion, Michelle continued to ask human resources, and followed up on the issue when Shawnee Gardens hired a new employee, Roger L/N/U, to oversee the human resources department.

128. Shortly after raising the overtime issue, Michelle began receiving write-ups for seemingly minor infractions.

129. On February 14, Michelle received a write-up, purporting to be a "final warning", which accused Michelle of insubordination and yelling at a resident.

130. Michelle disagreed with the write-up and felt that she was being targeted because she continued to raise the issue of her overtime pay.

131. On February 28, 2024, Defendants terminated Michelle's employment.

132. Michelle received a voicemail from Jackie L/N/U, the Director of Nursing for Shawnee Gardens, who stated that Michelle was being terminated for her "insubordination."

133. After Michelle raised complaints that Defendants had violated the FLSA, Defendants discharged and discriminated against her, because of these complaints.

134. As a direct and proximate result of Shawnee Gardens' actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

WHEREFORE, Plaintiff Michelle Vasquez respectfully requests that the Court enter judgment in her favor on Count V and against Defendants Recover-Care Healthcare, LLC and Recover-Care Shawnee, LLC collectively d/b/a Shawnee Gardens Healthcare and Rehab Center, for a finding that she has been unlawfully retaliated against in violation of the FLSA; for damages to be proved at trial, liquidated damages, attorneys' fees, and costs, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby request the trial be held in Kansas City, Kansas.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By:    */s/ Brad K. Thoenen*
        Brad K. Thoenen, KS 24479
        bthoenen@hkm.com
        Ethan A. Crockett, KS 79069
        ecrockett@hkm.com
        John J. Ziegelmeyer III, KS 23003
        jziegelmeyer@hkm.com
        Kevin A. Todd, KS 78998
        ktodd@hkm.com
        1501 Westport Road
        Kansas City, Missouri 64111
        816.875.9339

        ATTORNEYS FOR PLAINTIFF