UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE VASQUEZ, MELISSA SIMS, and ALICIA THOMPSON, on behalf of themselves individually and all other similarly situated employees**,<br><br>Plaintiffs,<br><br>v.<br><br>**RECOVER-CARE HEALTHCARE, LLC, RECOVER-CARE SHAWNEE, LLC, and RECOVER-CARE PINNACLE PARK, LLC**,<br><br>Defendants. | Case No. 24-cv-02183-HLT-RES |

## INITIAL ORDER REGARDING PLANNING AND SCHEDULING

Fed. R. Civ. P. 1 mandates the "just, speedy, and inexpensive" determination of this action. With this goal in mind, U.S. Magistrate Judge Rachel E. Schwartz will conduct a Fed. R. Civ. P. 16 scheduling conference on **July 23, 2024, at 1:30 p.m.** The conference will be held by telephone. The parties must dial into the conference call at 888-363-4749 and use access code 5705809.

The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P. 26(f) by **June 28, 2024**. Generally, discussion at the planning conference must address: the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including using mediation or other methods of alternative dispute resolution; making or at least arranging for Fed. R. Civ. P. 26(a)(1) disclosures; any issues about preserving discoverable information; developing a discovery plan; discovery of electronically stored information (ESI);

and a proposed scheduling order. More specifically, the parties must discuss the agenda items set out in Fed. R. Civ. P. 16(c)(2)(A)-(P) and Fed. R. Civ. P. 26(f)(3)(A)-(F), and draft a proposed scheduling order using the "Scheduling Order (Word)" form available at the following:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The court notes that the Scheduling Order form was revised in December 2022, and the parties are directed to download and use the up-to-date form available at the hyperlink above.

Careful planning is essential to efficient case management and discovery. The court strongly encourages the parties to conduct their Rule 26(f) planning conference in person instead of by telephone, to improve the quality of discussion. It is unacceptable to simply exchange draft proposed scheduling orders by email without further discussion. The court also strongly encourages "first chair" trial counsel to be meaningfully involved in this critical planning process. Before the planning conference, the parties shall review and be prepared to address the agenda items set out in Rules 16(c)(2)(A)-(P) and 26(f)(3)(A)-(F). The parties should think creatively and cooperatively, to the extent possible, about how to structure this case in a way that will lead to the efficient resolution of the factual and legal issues presented.

The parties must work together to draft a proposed scheduling order, which will constitute the written report required by Fed. R. Civ. P. 26(f)(2). The parties must note any points of disagreement in the proposed scheduling order and include a brief explanation of their respective positions. By **July 12, 2024**, plaintiffs must submit the following:

(1) a redlined version of the proposed scheduling order that shows all changes to the court's Scheduling Order form, and

(2) a clean version of the proposed scheduling order.

Both versions of the proposed scheduling order must be submitted in Word format as an attachment to an email sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. The proposed scheduling order must not be filed with the Clerk's Office or via ECF. The email transmitting the proposed scheduling order also must include cellular numbers for each attorney of record and any party appearing pro se.

The parties must serve their Rule 26(a)(1)(A) initial disclosures by **July 12, 2024**, and email copies of the initial disclosures to the undersigned judge's chambers with the redline and clean versions of the proposed scheduling order. The magistrate judge may discuss these disclosures during the scheduling conference in finalizing a discovery and case plan that achieves Rule 1's objectives. The parties should not submit to the court any documents identified or described in their Rule 26(a)(1)(A) initial disclosures.

### NOTICE REGARDING CASES IN WHICH DIVERSITY JURISDICTION IS INVOKED PURSUANT TO 28 U.S.C. § 1332(a)

If jurisdiction in this case is based on diversity pursuant to 28 U.S.C. § 1332(a), amended Fed. R. Civ. P. 7.1(a)(2) now requires *all* parties in diversity cases to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor as of "when the action is filed in or removed to federal court . . . ." *Id.* The disclosure statement is required "when the action is filed in or removed to federal court" or with a party's "first appearance, pleading, petition, motion, response, or other request addressed to the court . . . ." Fed. R. Civ. P. 7.1(b)(1).

If the parties have not already done so, they **must file** a disclosure statement that fully complies with Rule 7.1(a)(2) on or before July 12, 2024, the deadline for submission of the proposed scheduling order and copies of the parties' initial disclosures, as stated above. To assist in complying with Rule 7.1(a)(2), the Court notes that an individual's citizenship is determined by

3

domicile, not residence alone. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship"). The citizenship of a business entity is determined by its corporate structure. If the business entity is a corporation, its citizenship is determined by its place of incorporation and where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). In contrast, unincorporated associations are citizens of each state in which each member is a citizen. *Siloam Springs*, 781 F.3d at 1234 (addressing the issue in the context of an LLC). Where an unincorporated association has another unincorporated association as one of its members, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the unincorporated association. *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021).

IT IS SO ORDERED.

Dated June 5, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge