## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHELLE VASQUEZ, *et al*, | ) | |
| on behalf of themselves individually and | ) | |
| all other similarly situated employees, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 24-2183-HLT-RES |
| | ) | |
| RECOVER-CARE HEALTHCARE, | ) | |
| LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PHASE 1 SCHEDULING ORDER</u>

On July 23, 2024, U.S. Magistrate Judge Rachel E. Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Michelle Vasquez, Melissa Sims, and Alicia Thompson, on behalf of themselves individually and all other similarly situated employees, appeared through counsel Brad K. Thoenen and Ethan A. Crockett, by phone. Defendants Recover-Care Healthcare, LLC, Recover-Care Shawnee, LLC, and Recover-Care Pinnacle Park, LLC appeared through counsel Daniel B. Boatright and Christopher M. Helt, by phone.[1]

Because this is a wage-and-hour matter, the Parties agree to initially focus their efforts on discovery necessary to support and/or rebut Plaintiffs' Motion for Conditional and Class Action Certification (generally, "Phase 1 discovery"). After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1]    As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Exchange of documents identified in Rule 26(a)(1) disclosures | **August 9, 2024** |
| Motion to Amend | **August 19, 2024** |
| Conditional certification experts disclosed | **August 29, 2024** |
| Rebuttal experts on conditional certification disclosed | **September 27, 2024** |
| All Phase 1 discovery complete | **October 14, 2024** |
| Motion for conditional certification | **October 25, 2024** |
| Email updated Rule 26(f) report | **Within 14 days of the Court's ruling on conditional certification** |

1.    **Alternative Dispute Resolution (ADR).**

The Parties have scheduled a mediation with Dave Vogel, of Eischens + Vogel Mediation Solutions, for **September 5, 2024**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.    **Discovery.**

**a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **August 9, 2024**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). Supplementation of initial disclosures will be addressed in the Phase 2 scheduling order.

**b.** Within 14 days after the Court's ruling on collective action certification, or 14 days after the deadline to file such a motion if one is not filed, the parties must email an updated Rule 26(f) report to the undersigned judge, to set further deadlines, including class certification pursuant to Fed. R. Civ. P. 23, and other deadlines at that time. Depositions in Phase 1 discovery will be limited to 5 hours (unless otherwise agreed) with the exception of the named Plaintiffs, and the 30(b)(6) deposition of Defendants, which will be limited to 7 hours.  The Phase 2 scheduling order will address depositions occurring in Phase 2.

**c.** All Phase 1 discovery must be commenced or served in time to be completed by **October 14, 2024.**

**d.** The parties agree that principles of comparative fault do not apply.

**e.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: for conditional certification expert witnesses, disclosures must be served by **August 29, 2024;** and for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **September 27, 2024**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

> **f.**    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35

are not appropriate in this case.

> **g.**    Consistent with the parties' agreement, electronically stored information (ESI) in

this case will be handled as follows:

> The parties are aware of and agree to comply with the Court's Guidelines for Cases Involving ESI. For electronically stored information such as payroll records and time sheets, and for other electronically stored information that is capable of being produced in a machine-readable format, the parties agree to produce said information in a machine-readable format, which in turn will enable the parties to more efficiently analyze the ESI. For other types of ESI, such as email communications, text messages, or electronically stored company-related documents (i.e., handbooks, memoranda, etc.), the parties agree to produce said information in static form (e.g., PDF or TIFF images), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping.

> However, spreadsheets, presentations, such as PowerPoint or similar presentations, and audio/visual and other multi-media format files shall be produced in their native format, together with a placeholder image in PDF or TIFF format, which shall be the native file index page bearing the Bates number to be used for the native document.

> When any party wishes to discover particular ESI (e.g., metadata or native format documents) associated with a produced document, the party will notify the producing party in writing and identify the specific document(s) by Bates-number(s) or a detailed description. The party requesting such metadata will explain the need for the metadata, identify the types of metadata it seeks, and identify the format in which it would like the metadata produced. The preferred method of production for those documents of which metadata is specifically requested will be to produce them in PDF or TIFF format accompanied by a load file containing the requested metadata. The parties will then confer in good faith regarding the availability of the requested metadata and any expenses associated with the production of such information.

> Any electronically stored documents produced will be provided electronically or on a drive.

> **h.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-

preparation material asserted after production will be handled as follows:

The Parties will rely on the procedures set forth protective order entered on July 22, 2024.  ECF No. 69.  Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

      **i.**      All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

      **j.**      The parties jointly proposed a motion for a protective order on July 12, 2024, by emailing the Court a copy of the proposed order to the Magistrate Judge's chambers.  The Court entered the protective order on July 22, 2024. ECF No. 69.

      **k.**      The parties do consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

      **l.**      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions**

      **a.**      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **August 19, 2024**.

      **b.**      Any motion for collective action certification must be filed by **October 25, 2024.**

      **c.**      Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a

telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

      **d.**    To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**    **Pretrial Conference, Trial, and Other Matters.**

      **a.**    Within 14 days after the Court's ruling on collective action certification, or 14 days after the deadline to file such a motion if one is not filed, the parties must email an updated Rule 26(f) report to the undersigned judge, to set further deadlines, including class certification pursuant to Fed. R. Civ. P. 23, and other deadlines at that time.

      **b.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

      **c.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated: July 24, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge